UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID COOK,

      Petitioner,

v.                                      CASE NO. 6:06-cv-1911-Orl-18DAB

JAMES MCDONOUGH,

      Respondents.

---

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 5, filed January 12, 2007).  Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8, filed March 7, 2007).  Petitioner filed an affidavit in reply to the response (Doc. No. 10, filed March 23, 2007).

Petitioner alleges two claims for relief in his petition, both of which relate to his sentence.  As discussed below, the Court finds that the habeas petition is untimely and must be denied.

*Procedural History*

Petitioner was charged by information in two separate cases with one count of robbery and one count of burglary of a dwelling, respectively case numbers CRC01-30777 and CFC01-33033.  On July 11, 2001, Petitioner entered a plea of *nolo contendere* to both

counts. The state trial court sentenced Petitioner as a prison releasee reoffender to two, concurrent fifteen-year terms of imprisonment.

Petitioner appealed, and on February 12, 2002, the Florida Fifth District Court of Appeal *per curiam* affirmed. *See Cook v. Florida*, 808 So. 2d 228 (Fla. 5th DCA 2002). Mandate was issued on March 1, 2002.

On June 5, 2006, Petitioner filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence in the state court, alleging that the prison releasee reoffender statute was unconstitutional.[1]  On September 20, 2006, the state trial court summarily denied the motion. Petitioner appealed, and the appellate court *per curiam* affirmed on December 12, 2006. *See Cook v. State*, 944 So. 2d 375 (Fla. 5th DCA 2006). Mandate was issued on December 29, 2006.

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

> (B)     the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws
> of the United States is removed, if the applicant was prevented
> from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if that right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D)     the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.
>
> (2)    The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period
> of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on direct appeal February 12, 2002. Petitioner then had ninety days, or through May 13, 2002, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, under § 2244(d)(1)(A), the judgment of conviction became final on May 13, 2002, and Petitioner had through May 13, 2003, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired). Under the mailbox rule, the instant petition was not filed until December 15, 2006. *See* Doc. No. 1.

3

The Court is aware that Petitioner filed a state motion to correct an illegal sentence on June 5, 2006; however, because the one-year period concluded before Petitioner initiated that proceeding, the tolling provision of section 2244(d)(2) does not apply to the state 3.800(a) proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000). Because the one-year period of limitation ran on May 13, 2003, Petitioner's habeas corpus petition was not timely filed.

In his reply affidavit, Petitioner asserts that he was sentenced pursuant to unconstitutional statutes. *See* Doc. No. 10. Thus, it appears that Petitioner may be arguing that the one-year limitation should not bar his claims because he is "actually innocent" of his sentence. For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d).[2] "[I]n order to present a valid claim of actual innocence the petitioner must show that there is reliable 'new' evidence (i.e. not presented at trial) 'showing that it is more likely than not that no reasonable juror would have convicted him.'" *Thomas v. Straub*, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998).

---

[2]In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ."

4

Petitioner contends that at the time of his arrest Florida Statutes, Sections 775.082 and 775.810, had been ruled unconstitutional by the state appellate court. Thus, he contends that his sentence as a prison releasee reoffender was illegal. This assertion, however, is not really a claim of actual innocence, but instead merely a challenge to Petitioner's sentence.[3] Therefore, Petitioner has not established that the actual innocence exception to the one-year limitation period applies, if such an exception exists.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.   This case is **DISMISSED WITH PREJUDICE.**

2.   Petitioner's Petition for Rule Nisi (Doc. No. 11, filed May 17, 2007) is **DENIED.**

3.   The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _12_ day of June, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The Eleventh Circuit has consistently held that federal courts cannot "review a state's alleged failure to adhere to its own sentencing procedures." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Copies to:
sc 6/8
David Cook
Counsel of Record